IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN J. GARCIA-INSAUSTI,

Plaintiff,

v.                                                          CIVIL NO.  21-1578 (JAG)(HRV)

UNITED STATES OF AMERICA,

Defendant.

## **MEMORANDUM ORDER**

The present is a Federal Tort Claims Act (FTCA) action filed by plaintiff Carmen J. Garcia-Insausti ("Ms. Garcia"), seeking monetary compensation for damages she allegedly suffered when she fell at a United States post office.  Pending before the Court is the Defendant United States of America's motion *in limine* requesting the Court to strike the expert report produced by plaintiff as well as precluding the proposed expert from testifying. (Docket No. 35). The United States has supplemented the motion *in limine* twice. (*See* Docket Nos. 42 and 43). Plaintiff opposed the motion *in limine* (Docket No. 36), and the government replied. (Docket No. 40).

The matter has been referred to me for disposition.  (Docket No. 44).  For the reasons outlined below, the motion *in limine* is DENIED without prejudice.

1

## I. BACKGROUND

The second amended complaint (Docket No. 16) alleges that on March 5, 2020, Ms. Garcia was visiting a post office in Bayamon, Puerto Rico. As she bent down to pick up a stamp from the floor, she grabbed on to a cart that allegedly did not have its breaks and/or wheels locked. As a result, the cart moved when Ms. García grabbed onto it. She fell against a wall and hit the floor. Plaintiff alleges that she sustained injuries including broken ribs, a lacerated lung, and an injury to her spine. The amended complaint avers that the unlocked cart was a dangerous condition created by defendant's negligence and the proximate cause of her injuries. She estimates her damages in no less than $175,000.

After the United States answered the second amended complaint (Docket No. 23), the Court set a deadline for conclusion of discovery by January 31, 2024. (Docket No. 26). On December 12, 2023, the United States filed its motion *in limine* moving to strike plaintiff's expert report[1] for failure to comply with Fed. R. Civ. P. 26(a)(2)(B). The United States also moved to preclude the expert from testifying on the grounds that his opinion was based on inaccurate and incomplete information, making it unreliable and inadmissible under Fed. R. Evid. 702.

In her opposition, plaintiff admitted the deficiencies of her expert disclosure as highlighted by the government. But she offered a justification for the lack of compliance (the expert was away on an overseas trip). She also claimed that she acted immediately

---

[1] The plaintiff retained José Suarez-Castro, MD, as expert. Dr. Suarez-Castro conducted an independent medical evaluation of Ms. Garcia on October 9, 2023, and issued a report concluding, among other things, that plaintiff presents a 2% whole person impairment in connection with the March 5, 2020 fall at the post office.

2

to cure the deficiencies once she resumed contact with the expert. Ultimately, she argued, preclusion is too severe a sanction. With respect to the reliability of her expert's opinion due to certain admissions that Ms. Garcia made at a recent deposition, she simply stated that the request is premature because the transcript of plaintiff's deposition had not been produced and the deposition of her expert has not been taken.

In its reply, the United States maintains that the expert disclosure is still noncompliant and, in any event, that plaintiff has not presented a valid justification for the delay in providing the required information. Additionally, the defendant complains that plaintiff is offering the expert for a deposition on a date outside of the period granted by the Court to conclude discovery. In a supplemental motion, and now with the benefit of the deposition transcript, the defendant reiterates that the expert's opinion is unreliable. In a second supplemental motion, the United States includes photographs of a car accident involving plaintiff to further its position. Plaintiff has chosen not to respond to the supplemental motions or to address the issue of admissibility following receipt of the deposition transcript.

The defendant had been requesting (*see* Docket No. 41), and has recently been granted (Docket No. 45), a stay of its expert-related discovery obligations pending resolution of the instant motion *in limine*.

## II.    APPLICABLE LAW AND DISCUSSION

### A.  *Failure to Comply with Fed R. Civ. P. 26(a)(2)(B)*

As stated, the defendant moves the Court to strike plaintiff's expert report and the expert in general for failure to comply with the tenets of Rule 26 with respect to expert disclosures. As of the filing of the defendant's reply on December 22, 2023, the plaintiff

3

had addressed some of the Rule 26 expert disclosure shortcomings, but not all. Allegedly, plaintiff has yet to submit a statement of the compensation to be paid to the expert as well as the exhibits used to support his opinion. Further, the defendant avers that assuming the expert is not excluded, the plaintiff has created yet another issue with regards to expert disclosure by announcing that the only date available for the expert deposition is a date after the discovery closes. The United States argues that in responding to the motion *in limine*, the plaintiff fell short of establishing a valid justification for the failure to comply or that the noncompliance is harmless under Fed. R. Civ. P. 37(c).

I agree that the way plaintiff has handled her expert disclosure obligations leaves much to be desired. Plaintiff does not deny that her initial disclosure was noncompliant. She contends, however, that she moved quickly to address the matter once alerted by the defendant but ran into the issue of the expert being away from the jurisdiction. Plaintiff has not responded to the defendant's claim that the expert disclosure is still missing required information. The crux of plaintiff's opposition as to this issue is that the Court has discretion to choose a less severe sanction than preclusion.

Under Rule 37(c)(1), exclusion is the appropriate sanction for a party's failure to adhere to the expert disclosure requirements. Fed. R. Civ. P. 37(c)(1)1; *see also Lohnes v. Level 3 Communs., Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). But Rule 37 contains an escape hatch provision. If the failure to timely disclose is "substantially justified or harmless", the Court may allow the use of the untimely or noncompliant evidence. Fed. R. Civ. P. 37(c)(1); *Zampierollo-Rheinfeldt v. Ingersoll-Rand De P.R., Inc.*, 999 F.3d 37, 47 (1st Cir. 2021). Also, I am aware that I have broad discretion to select a less severe sanction, and

4

that preclusion is not a strictly mechanical exercise. *Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 77-78 (1st Cir. 2009)(cleaned up). Factors such as (1) the history of the litigation; (2) the non-compliant party's need for the evidence; (3) the justification (or lack of one) for the late disclosure; (4) the moving party's ability to overcome the adverse effects of said late disclosure; and (5) the impact on the Court's docket, should be considered in deciding whether to preclude the expert evidence at issue. *See Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003).

In weighing the equities of the present controversy, I find that preclusion would be too harsh a sanction. Preclusion would leave the plaintiff without important evidence as to damages. Further, and since a stay has been granted, the adverse effect of the late disclosure on the defendant is attenuated. "When a disclosure reasonably appraises a party of an expert's expected testimony, the risk of unfair surprise is reduced and preclusion is unnecessary." *Ortiz v. Toro Verde Eco Adventure Park*, Civil No. 19-1972, 2023 U.S. Dist. LEXIS 169716 at *10-11; 2023 WL 6201396 (D.P.R. Dec. 22, 2023)(*citing Saucedo v. Gardner*, 2018 U.S. Dist. LEXIS 35175, 2018 WL 1175066 at *3 (D.N.H. Mar. 5, 2018)). The only factor that weighs in favor of preclusion is the impact on the Court's docket inasmuch as the scheduling of the case will necessarily have to be altered. And with respect to the justification given—lack of access to the expert—and considering that plaintiff acted to address the deficiencies, at least partially, preclusion would be an extreme sanction. Therefore, on the basis of failure to comply with the requirements of Rule 26, the motion *in limine* is DENIED. To the extent that there are still Rule 26 expert-related disclosures outstanding, they must be produced within five (5) days of this order.

5

Plaintiff is placed on notice that she should not expect the Court to accommodate any further dragging of her feet.

### B. Inadmissibility under Fed. R. Evid. 702

The United States also attacks the reliability of the expert's opinion because said opinion is based on incomplete and inaccurate information. The defendant points to certain admissions made by plaintiff at her deposition that call into question the opinion of the expert. For instance, plaintiff admitted during her deposition that the alleged right-side-of-chest discomfort upon which she was assigned a 2% whole person impairment, was not related to the fall at the post office, but to a pre-existing condition. Second, plaintiff testified that the expert did not perform chest compressions on her. This is contrary to the statement in the expert's report that "patient presents some discomfort on chest compression . . . ." (Docket No. 35-1 at 5). Lastly, plaintiff failed to inform the expert that she had some falls and a car accident during the summer of 2023, that is, a few months before the independent medical evaluation, and more than three years after the fall at the post office. These incidents caused trauma to her costal border, as well as to her chest and upper abdomen as evidenced by medical records.

In sum, the United States contends that the undisclosed material information totally undermines the expert's opinion that the "2% whole person impairment for the thoracic spine" is related to the March 5, 2020, accident at the post office. In its two supplemental motions, the United States directs the Court's attention to the relevant excerpts of the deposition transcript and includes photographs of plaintiff's car accident. (Docket Nos. 42 and 43). Plaintiff, on the other hand, has not attempted to explain or put in context the incomplete and contradictory information.

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony at trial. It provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the expert evidence has the burden of establishing both its reliability and relevance. *Martinez v. United States*, 33 F.4th 20, 24 (1st Cir. 2022).

When presented with a challenge to the admissibility of expert testimony, the Court "must determine whether the expert witness is qualified and has the specialized knowledge that will 'assist the trier of fact to understand evidence or to determine a fact in issue.'" *Bogosian v. Mercedes-Benz of N. Am.*, 104 F.3d 472, 476 (1st Cir. 1996)(*quoting* Fed. R. Evid. 702). In this two-part inquiry, the Court must initially assess the qualifications of the proposed expert by "knowledge, skill, experience, training or education." *Id.* As to the second part of the inquiry, in *Daubert*,[2] "the Supreme Court

---

[2] *Daubert v. Merrell Down Pharms., Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469, (1993).

7

assigned to trial judges the role of gatekeepers to screen expert testimony that although relevant, was based on unreliable [] methodologies." *Gonzalez-Perez v. Gomez-Avila*, 296 F. Supp. 2d 110, 113 (D.P.R. 2003).

In discharging its gatekeeper responsibility, the Court must consider whether: "(1) **the testimony is based upon sufficient facts or data**, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Negron v. Worthinton Cylinder Corp.*, Civil No. 17-1985 (RAM), 2021 WL 1199014, 2021 U.S. Dist. LEXIS 63251 at *7 (D.P.R. Mar. 30, 2021)(*quoting Gonzalez-Arroyo v. Doctor's Ctr. Hosp. Bayamon, Inc.*, Civil No. 17-1136 (RAM), 2020 U.S. Dist. LEXIS 140016, 2020 WL 4516012 at *2 (D.P.R., Aug. 5, 2020))(emphasis ours).

Here, the defendant does not challenge the qualifications of the expert, nor the reliability of the principles and methodology applied. The defendant challenges the admissibility of the expert's opinion for being based upon insufficient (or inaccurate) facts or data. Courts have held that the factual basis of an expert opinion goes to credibility of the testimony, not its admissibility and that "[o]nly if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *United States v. Coutentos*, 651 F.3d 809, 820 (8th Cir. 2011)(*citing Hartley v. Dillard's Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002)); *see also Milward v. Acuity Specialty Prods. Grp. (Milward I)*, 639 F.3d 11, 22 (1st Cir. 2011)("There is an important difference between what is unreliable support and what the trier of fact may conclude is insufficient support for an expert's conclusion.") Normally, "vigorous cross-examination, presentation of contrary evidence, and careful instructions

on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Campos v. Safety-Kleen Sys.*, 98 F. Supp. 3d 372, 378 (D.P.R. 2015)(*citing Daubert*, 509 U.S. at 596). Expert testimony maybe excluded, however, when there is just "too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997). "[T]rial judges may evaluate the data offered to support an expert's bottom-line opinions to determine if that data provides adequate support to mark the expert's testimony as reliable." *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998).

Undoubtedly, some of the admissions made by plaintiff during her deposition, tend to undermine the opinion of the expert. Indeed, I am troubled by the fact that the expert was not told about certain falls and a car accident plaintiff had just a couple of months before the independent medical examination (IME) during which plaintiff suffered trauma affecting some of the same areas allegedly injured during her post office fall. The United States is also justified in raising a flag about the discrepancy between the expert's report and plaintiff's deposition testimony anent chest compressions. Lastly, it is disconcerting that knowing she has the burden to show admissibility of expert evidence, and in the face of extensive briefing by defendant requesting exclusion, plaintiff has chosen not to adequately respond to the issue.

Notwithstanding the above, I will deny the motion *in limine* at this time. I note that the deposition testimony of plaintiff was equivocal. She seemed confused at times about some of the answers she provided, and the timing of things. Furthermore, I am mindful of the extensive caselaw holding that issues related to the factual basis of an

expert's opinion go to credibility of the testimony as opposed to its admissibility. In fact, the contradictory statements made by plaintiff, and her omissions, are ample fodder for cross examination of the expert, not necessarily a basis for exclusion under Fed. R. Evid. 702. The denial is without prejudice of renewal after the defendant takes the deposition of plaintiff's expert and confronts him with the undisclosed information and the identified discrepancies.

### III. CONCLUSION

For the foregoing reasons, the motion *in limine* at Docket No. 35, as well as the supplemental motions at Docket Nos. 42 and 43 are DENIED without prejudice. As per the order issued by the presiding District Judge at Docket No. 45, the undersigned sets the following deadlines:

- The deposition of plaintiff's expert shall be conducted no later than February 29, 2024.[3]
- Defendant's expert report, if any, is due March 29, 2024.
- Defendant's expert deposition shall be taken no later than April 26, 2024.
- Dispositive motions due May 31, 2024.
- Oppositions to dispositive motions due June 17, 2024.
- Joint proposed Pre-trial order due July 8, 2024.

---

[3] Plaintiff's counsel is warned that neither party can alter or extend this deadline without leave from the Court.

- Pretrial/settlement conference to be set by presiding District Judge

- Jury Trial to be set by presiding District Judge.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 8th day of February, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
